State vs. Berard.

II.

No. 10,056.

THE STATE OF LOUISIANA VS. CHARLES BERARD.

The words of a law are generally to be understood in their most usual signification.

When, in Act No. 100 of 1878, prohibiting the keeping of private markets within a *radius of six squares* of a public market, in New Orleans, the Legislature used that language, they had in view to fix an equal and uniform distance in order to avoid any arbitrary discrimination, and intended that the distance should embrace, *both*, the length of the squares and the width of the streets; in other words, 2100 and not 1800 feet, American measure, as contended by the defence.

The 3100 feet are to be computed from any point on the public market limits nearer the private market.

State vs. Berard.

APPEAL from the Court of the Second Recorder, City of New Orleans.  *Burthe, J.*

*Blanc & Butler* and *E. J. Wenck* for Plaintiff and Appellee.

*Theophile Buisson* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    The defendant appeals from a recorder's sentence condemning him to pay a fine for a violation of Act No. 100 of 1878, which prohibits private markets within a *"radius of six squares"* from a public market in New Orleans.

He charges the unconstitutionality of the law under which the fine was imposed, in this: that it suppresses a lawful business without justification, and that the fine imposed is illegal.

Under Article 81 of the Constitution, the case is before us on the law and on the facts.

On the question of constitutionality raised, it suffices to say that the law attacked has been several times judicially announced to be one adopted by the State, in the exercise of her police powers, to which there exists no constitutional objection.

The State contends, on the merits, that when the Legislature used the words, *radius of six squares*, the object in view was to fix and establish an equal and uniform distance, according to the known, popular and accepted English or American measurement, and that, tested by this standard, the distance would be composed of six squares each of three hundred American feet and of six streets of fifty American feet, the former to sum up 1800 and the latter 300, footing 2100 feet, American measure.

On the other hand, the defendant insists that the distance does not include the streets, but merely the squares, which measure together only 1800 feet, and that his place being beyond that space, though within 2100 feet from the public market, he is not in contravention.

The inquiry is therefore narrowed down as to whether the width of the *streets* is or not to be included in the distance which the Legislature fixed when it said that private markets shall not be kept within *a radius of six squares* of a public market, in this city.

It is clear that there can be no squares in a city unless they are divided by streets, and that the pieces of ground which are termed and designated as *squares*, in ordinary parlance, when a distance is to be stated, include the *streets*.

The text of the Code says, that terms of art or technical terms and

phrases are to be interpreted according to their received meaning and acceptation with the learned in the art to which they refer, and it adds that the words of a law are generally to be understood in their most usual signification. R. C. C. 15 and 14.

Judging from the object and tenor of the act, it is obvious that the word *radius* was designedly used to have its technical meaning, *i. e.*, to signify the length of the distance within which the prohibition was to be enforced.

A *radius* is a straight line drawn from the centre of a circle to any point of the circumference. Its length is half the diameter of that circle, or is the space between the centre and the circumference.

The centre for measurement from which the *radius* would shoot was not required to be located in the middle of the space occupied by a public market, which is usually not a square, but some other geometrical figure, a parallelogram, or a triangle, for the space between the centre and the external boundaries would have to be included in the length of the distance, and this would shorten that length.

The legislative object was to prohibit the keeping of public markets within a *radius* of six squares from a public market, the distance to be computed from the nearest point on the external line of the space occupied by the public market to the circumference, drawn from that centre, so that no private market be allowed within that circumference.

It is further apparent that when the Legislature used the language stated, it meant what was generally understood by the word *square*.

It required no evidence to show what that meaning is in this country. The Court can safely take judicial notice of it.

Should any one be asked to say how many squares Canal street is distant from Esplanade street, the answer would briefly be, *so many;* say; *thirteen*, and nothing more. No one would dream answering, *thirteen, the width of the streets excluded;* although possibly the squares do not measure equally.

It is evident, and in fact conceded, that the Legislature intended to fix an equal and uniform distance, so that A's private market might not be nearer the public market than B's, simply because, in the distance in A's case there would be found one or two short squares, and that in the distance in B's case there would exist regular or longer squares.

The only distance which the Legislature could have intended was that of six squares, including the width of the streets; in other words, twenty-one hundred (2100) feet for both squares and streets, and not eighteen hundred (1800), as urged by the defendant.

Judgment affirmed.