State vs. Deffes.

The charge was fair, and a concise statement of the law. The defendant had no cause to complain of it.

Judgment affirmed.

No. 10,975.

THE STATE OF LOUISIANA VS. S. DEFFES..

The words " six blocks," in Act No. 116 of 1888, have the same meaning as " six squares " in the former Act No. 100 of 1878. They mean standard squares or blocks of 300 feet each, with the addition of fifty feet for each intervening street, making 2100 feet by the nearest walking route, regardless of the number of actual squares, short or long.

APPEAL from the First Recorder's Court of the City of New Orleans. *Bringier, J.*

*Henry Renshaw,* Assistant City Attorney, and *Carleton Hunt,* City Attorney, for Plaintiff and Appellee.

*Branch K. Miller* for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. The case presents a single question, viz., as to the meaning of the words "six blocks, " as employed in Act. No. 116 of 1888, which provides: "No private market shall be established within a walking distance of six blocks from any public market, the said distance to be interpreted as meaning that represented by six blocks in a walk from the public market to a private market." Whatever difficulty the question might present if it were *res nova,* we regard it as settled by our decisions already rendered.

In several cases we held that the words " six squares," as employed in the former Act 100 of 1878, on the same subject, meant standard squares of 300 feet each, together with the width of the intervening streets of fifty feet each, making a uniform distance, by the shortest walking route, of 2100 feet. State vs. Berard, 40 An. 172; State vs. Barthe 41 An. 46; State vs. Schmidt, Id. 27.

In a later case we had before us the new Act of 1888 and the ordinance of the city based thereon, No. 4145 C. S.; and we then said,

after referring to those decisions: "Thus we have it effectually proved by these opinions that the word 'square,' in the former ordinance and law meant what was generally understood by that term, and the word 'block' in the later ordinance and law means just the same thing. In other words, 'square' and 'block' are, strictly speaking, convertible terms." State vs. Natal, 42 An. 612.

It being conceded that defendant's private market is distant more than 2100 feet, by the nearest walking route, from a public market, he is within the protection of the law as thus interpreted by us, although, owing to their excessive length, there are not six actual blocks or squares between him and the public market.

It is, therefore, ordered and decreed that the judgment appealed from be avoided and reversed, and that the charge against defendant be dismissed; appellee to pay costs of this appeal.