PROVOSTY, J.
Section 2, Act 297, p. 500, of 1910, reads:
“That it shall be unlawful for any person, firm, association or corporation engaged in furnishing gas, water or electricity to consumers, to be paid for by meter measure, to charge or receive from any patron or consumer, pay for more gas, electricity or water than the meter furnished by such person, firm, association or corporation shall indicate has been used by such consumer at the time to which payment is made and received, provided the minimum charge contracted for with the municipalities shall not be affected.”
Section 5 makes the violation of the act a misdemeanor.
[1] The monthly bill furnished by the New Orleans Railway & Light Company to each of its customers shows the quantity of electricity consumed by the customer during the past month as indicated by the meter, and also the amount due for same at regular rates, and it has an additional charge of 25 cents, stated in the bill to be “for service.” The company received payment of such a bill, that is, of one including this service charge, from one of its customers, and, because of its having done so, the defendant, its general manager, is being prosecuted in this case for a violation of said act.
The question is whether the said 25 cents charge, thus made “for service,” was made “for electricity.” Of course, the customer pays the bill in order to have the electricity, and in that sense the charge is made for electricity. But in another sense, it is not made for electricity, but “for service”; and the bill on its face shows it.
The reason why this separate charge is made, is this. Electricity cannot be economi *884 cally stored, and yet the supply must be in constant and immediate readiness on the touch of a button or the turn of a switch. This necessitates the installation and keeping up of a plant and equipment adequate to produce the quantity needed at such times as the demands are heaviest, and not only the quantity which at such times is actually demanded, but also the quantity which might be demanded, and necessarily all that part of this preparation which, at those times when the demands are light, is not called into requisition and especially all that part which might, at any moment, be, but never in fact is, called into requisition, is idle and profitless. The expense of the preparation thus not utilized together with rnat of making connections with the premises of customers and the furnishing of meters, being more or less fixed, is sought to be provided for by this fixed 25 cents charge, denominated “for service,” while the current actually produced and consumed is charged for according to meter reading, at a rate which has been arrived at after taking into consideration this service charge. In other words, this service charge does not represent a bonus to the company, but has been devised as a means of more equitably apportioning among the customers of the company the expenses incident to the installation and operation of the plant. Of course, it would be possible to so increase the rates for furnishing the current as to cover this service charge, and thereby obviate the charge; but this has not been done.
The charge not having been made “for more electricity” than has been used by the customer as indicated by the meter, the receiving payment of it does not come within said statute.
[2] Indeed, it might be shown not to come within even the reason or mischief of the said statute; but that phase of the matter need not be gone into, since even if it did so come, the case of the prosecution would be in no way benefited, criminal statutes having to be construed strictly, insusceptible of any extension whatever; nothing being a crime unless coming within their plain and unmistakable terms. State v. Breffeihl, 130 La. 904, 58 South. 763, 40 L. R. A. (N. S.) 535, where this matter of the interpretation of criminal statutes is extensively gone into. Also State v. Palanque, 133 La. 36, 62 South. 224.
If in the first bill which it sent out to its customers after the late storm the New Orleans Railway & Light Company had added a separate charge to cover the expense of repairing the damage done to its lines and plant by the storm, and the bills had been paid without demur, this would not have come within the said statute. There might have been no right to make the charge, but the statute would not have been violated.
It may be well to mention that the principle of making this distinct and separate charge for service is the same precisely which underlies the making a minimum charge by gas, electricity, and water companies for gas, electricity or water not used, and that the making of a minimum charge may be said to be universally approved:
“The necessity of charging a reasonable minimum monthly bill to consumers who use little or no gas or electricity in any one month is recognized generally by regulatory commissions throughout the country. Meek v. Consumers’ Electric Light & Power Co., P. U. R., 1915-A, 981 (7 Rate Research, 58); In re Ladysmith Lighting Co.. P. U. R. 1915-A, 1065 (7 Rate Research, 68).”
Indeed, said Act 297 excepts such minimum charge from its provisions.
Judgment affirmed.