## WRIGHT et al. v. WARDMAN et al.

(Court of Appeals of District of Columbia. Submitted April 9, 1925. Decided May 4, 1925.)

No. 4180.

1. **Statutes** ☞219 — **Construction placed on statute by department charged with its execution will generally control.**

Where construction of statute, ordinance, or regulation is doubtful, and open to two different interpretations, that placed on it by department charged with its execution will generally control.

2. **District of Columbia** ☞19 — **Zoning ordinance construed; "additional buildings."**

Zoning regulation, authorizing "the erection of additional buildings" for garage purposes within 35 feet of lawful establishment used for such purpose, without consent of surrounding property owners, *held* to authorize, not only construction of additions to existing buildings, but erection of new buildings, if within limit prescribed.

Appeal from Supreme Court of District of Columbia.

Suit by John H. Wright and others against Harry Wardman and others, Commissioners of the District of Columbia, and others. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

W. J. Lambert and R. H. Yeatman, both of Washington, D. C., for appellants.

F. H. Stephens, G. P. Barse, D. T. Wright, and Philip Ershler, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellants, plaintiffs below, filed a bill in equity in the Supreme Court of the District of Columbia for an injunction to restrain the District commissioners from issuing to defendant Wardman a permit to erect a public garage within the first commercial district of the city of Washington. From a decree dismissing the bill, this appeal was taken.

Plaintiffs, property owners in the immediate vicinity where the proposed garage was to be located, sought the injunction on the ground that its erection would be detrimental to their property, and to the property in the immediate vicinity. The case may be disposed of on the construction of the proviso to section 4 of the Zoning Regulations of the District of Columbia, prescribing regulations for the establishment of public garages, bakeries, laundries, or milk distributing stations, as follows:

"A public garage in which the repair facilities are incidental to its primary use for storage, may be established or erected in the first commercial district if when permit is issued there are on file with the commissioners of the District of Columbia the written consents of the owners of 75 per cent. of the property within 200 feet of the proposed establishment: Provided, further, that if such establishment fronts on a public alley and no part of it is located in a building any portion of which is less than 50 feet back from any building line, consents of the owners of two-thirds of the property within 90 feet of the proposed establishment shall be required.

"No consents will be required for the enlargement of buildings used for the purposes named in the preceding paragraph nor for the erection of additional buildings used for these purposes if they are within 35 feet of any wall of a lawful establishment used for any one of these purposes: Provided, however, that no part of such establishment erected without consents shall be located within 50 feet of the boundary line of the residential district."

The application for the permit was based on the second paragraph of the proviso. It it conceded that the building to be erected is within 35 feet of the wall of a lawful establishment used as a public garage, and it is further conceded that no part of the building to be erected is located within 50 feet of the boundary line of the residential district.

The construction to be given the words "for the erection of additional buildings used for these purposes" will dispose of this appeal. Counsel for plaintiffs insist that the word "additional" cannot be applied to a new building to be erected, separate and apart from an existing building, but that it obviously means an addition to be constructed to a building already in existence and used for garage purposes. On the other hand, counsel for defendant contend that this clause of the regulation provides for the issuance of a permit without consents for either the enlargement of a building used for garage purposes, or for the erection of a new building for a similar use, if the enlarged or new building extends to a point within 35 feet of the wall of a building already established and used as a public garage.

It appears that the commissioners, on two previous occasions, without the consent of adjoining property owners, had issued permits for the erection of new public garages situated within 35 feet of an established public garage, and that this action had been taken by the commissioners on the advice of the corporation counsel.

[1, 2] We think the rule of construction that where the language of a statute, ordinance, or regulation is doubtful and open to one of two different interpretations, the construction placed on it by the department charged with its execution, will generally control its interpretation, is applicable here. St. Paul, M. & M. Ry. Co. v. Phelps, 137 U. S. 528, 11 S. Ct. 168, 34 L. Ed. 767. In the present case, an interpretation favorable to defendant is prompted, not only by conformity to the above rule, but for the further reason that it sustains the right of the property owner to apply his property to whatever lawful use he may desire, which right will be presumed to exist, in the absence of a clear restriction to the contrary. The language here used is not so clear as to remove the interpretation of the regulation from the realm of doubt; hence it is a case calling for adherence to the construction adopted by the authorities charged with its execution, and the presumptions favorable to the unrestricted use of property.

The decree is affirmed, with costs.