(131 So. 41)

CENDON et al. v. H. G. HILL STORES, Inc.

In re CENDON et al.

No. 30919.

Nov. 3, 1930.

Habans & Coleman and Gus Levy, all of New Orleans, for relators Joseph L. Wolf and others.

Milling, Godchaux, Saal & Milling, of New Orleans, for respondent.

O'NIELL, C. J.

This is a mandamus proceeding to compel the granting of a writ of injunction, to enjoin the defendant from having a meat market in a building on the rear part of the lot designated as 3425 St. Charles avenue. The plaintiffs are lessees of stands where they have meat markets in the Ninth street public market, under leases from the city; and they contend that the defendant's having a private market on the lot No. 3425 St. Charles avenue is a violation of Ordinance No. 7361, which makes it unlawful to have a private meat market "within thirty-two hundred feet, walking distance, from any public market."

The defendant has a grocery store on the front part of the lot No. 3425 St. Charles avenue, behind which store is an alley, 3 feet wide, extending across the lot and separating the grocery store from the meat market. There is a 4-foot alley alongside of the grocery store, extending from St. Charles avenue to a side entrance to the market. Customers have access to the market also through a rear door of the grocery store, opening on the 3-foot alley. There are large glass windows in the rear wall of the grocery store, and also in the front wall of the market building, so that customers in the grocery may be attracted to the market; but the fact is that the grocery and the market are in separate buildings, and, although the entrance to the grocery store—in fact the whole front property line—is within 3,200 feet from the Magazine street market, defendant's market building is entirely outside of the 3,200-foot limit, whether the walking distance be measured via the 4-foot alley beside the grocery or through the store itself, from front to rear.

The argument for the plaintiffs is that the measurement of the so-called "walking distance" should include only the distance to be walked along and across public streets, and not any distance which a pedestrian must travel through a private alley or passage, to walk from the public market to the private market.

To give the ordinance the meaning which the plaintiffs contend for would require interpolation; which should never be resorted to except where it is necessary to avoid an absurd consequence, or to carry out a manifest intention of the lawmaker. The object which the lawmaker had in this instance is plain enough; it was to protect the lessees of stalls in the public markets against competition; and for that purpose the lawmaker deemed it sufficient to adopt the arbitrary measurement of 3,200 feet, as the distance which a prospective customer of a public market would be perhaps unwilling to travel to gratify a preference for any particular private market. It was so explained in State v. Barthe, 41 La. Ann. 46, 6 So. 531, 532, in construing a statute (Act No. 100 of 1878) and an ordinance (No. 4798 O. S.) prohibiting private markets "within a radius of (6) six squares of any public market," as to which it was said:

"Now, the safest mode of discovering the true and precise meaning of a statute is to ascertain its object. It is quite plain that in prohibiting private markets within a given distance of public markets the Legislature intended to shield the lessees of public markets and owners of stalls therein from a too proximate and injurious competition from private markets. It is therefore clear that the distance fixed was over a route which customers had to pass in order to reach a private market, from a public market, or the proximity of the same.

"Manifestly the law-makers knew that in a city no one can move from one point to another on 'an air line'; hence the language used,

'a radius of six squares,' must have been intended to mean a route or distance of six squares in all directions from a public market, such as a human being could use."

To the same effect were the rulings in State v. Berard, 40 La. Ann. 172, 3 So. 463; State v. Schmidt, 41 La. Ann. 27, 6 So. 530; State v. Natal, 42 La. Ann. 612, 7 So. 781; Vidalat v. City of New Orleans, 43 La. Ann. 1121, 10 So. 175; and State v. Deffes, 44 La. Ann. 164, 10 So. 597.

Counsel for plaintiffs quote from State v. Berard, 40 La. Ann. 174, 3 So. 463, 464, an expression defining the word "radius" as used in Act No. 100 of 1878, viz.:

"The legislative object was to prohibit the keeping of public markets within a radius of six squares from a public market, the distance to be computed from the nearest point on the external line of the space occupied by the public market, to the circumference drawn from that center, so that no private market be allowed within that circumference."

It is sufficient to say that "the distance to be computed from the nearest point on the external line of the space occupied by the public market," in this case, is more than 3,200 feet, walking distance, to the nearest point on the building occupied by the private market. The suggestion in State v. Berard that the measurement should be measured on a "radius" to a so-called "circumference" was explained away in State v. Barthe, 41 La. Ann. 48, 6 So. 531, 532, where it was said that the only issue that was decided or presented in State v. Berard was whether street crossings should be included in measuring the distance from a public market, viz.:

"The record presented no other issue, and the court adjudicated on no other. The simple issue thus presented did not in any manner involve the question of the mode of measurement of the prohibited distance, or whether the distance was to be measured on an 'airline,' or otherwise, nor did it involve the definition of the word 'radius,' as contemplated by the act; hence any reference to or dictum on that subject in the opinion forms no part of the matter adjudicated in the case, and is no authority in this controversy."

■ We agree with counsel for the plaintiffs that it is not likely that the commission council, in enacting this ordinance, thought of a private market being located on the rear end of a lot and opening upon a private alley; but we have no reason to assume that, if the members of the council had thought of such a situation, they would have written into the ordinance that the 3,200 feet, "walking distance," should be measured only on the public streets, or should not include any "walking distance" through a private alley or passage to the private market. On the contrary, when the situation was presented for the first time, by the application of the owner of this property for a permit to construct this building to be used for a meat market, which application was accompanied by a map or plan showing how the distance of 3,200 feet from the nearest public market was measured, the commission council, after due consideration and on the written opinion of the city attorney, granted the permit. Although the construction which the commission council thus gave to the ordinance does not control the decision of the court, it is certainly entitled to some consideration. State v. Comptoir National D'Escompte de Paris, 51 La. Ann. 1272, 26 So. 91, quoting Ohio Life Insurance & Trust Co. v. Debolt, 16 How. 416, 14 L. Ed. 997, and Gelpcke v. City of Dubuque, 1 Wall. 175, 17 L. Ed. 520. See also City of Richmond v. Drewry-Hughes Co., 122 Va. 178, 94 S. E. 989; Wright v. Wardman, 55 App. D. C. 318, 5 F.(2d) 380; City of Belton v. Harris Trust & Savings

Bank (Tex. Civ. App.) 273 S. W. 914; Moorman v. Terrell, 109 Tex. 173, 202 S. W. 727; and Harris County v. Hammond (Tex. Civ. App.) 203 S. W. 445.

We must bear in mind, too, that this ordinance, No. 7361, is a penal ordinance. In fact it imposes a penalty of fine or imprisonment for every day's violation, as for a separate offense. Laws imposing a penalty, or in derogation of common right, should not be extended by implication beyond their plain language or unmistakable meaning. State v. Breffeihl, 130 La. 904, 58 So. 763, 40 L. R. A. (N. S.) 535; State v. Palanque, 133 La. 36, 62 So. 224; State v. Sloan, 139 La. 881, 72 So. 428; Ketteringham v. Eureka Homestead Society, 140 La. 176, 72 So. 916; Vander Sluys v. Finfrock, 158 La. 175, 103 So. 730.

The relief prayed for by the relators is denied, and the petition for mandamus is dismissed, at their costs.

ROGERS, J., dissents.