Dear Representative Thornhill:
This is in reference to activities of the STPLB concerning a parcel fee proposition election that was conducted on November 18, 1995. You have asked this office to investigate whether the STPLB may have violated certain provisions that relate to the use of public funds. Article XI, Section 4 provides:
Prohibited Use of Public Funds
 Section 4. No public funds shall be used to urge
any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot. (Emphasis supplied).
LSA-R.S. 18:1465 provides a criminal penalty for the illegal use of public funds:
 A. No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
 B. Whoever violates any provision of this Section shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both. On a second offense or any succeeding offense, the penalty shall be a fine of not more than one thousand dollars or imprisonment for not more than one year, or both. (Emphasis supplied).
LSA-R.S. 43:31 (D) provides:
 D. No branch, department, agency, official, employee, or other entity of state government shall expend funds of, administered by, or under the control of any branch, department, agency, employee, official, or other entity of state government to print material or otherwise to urge any elector to vote for or against any proposition or matter having the effect of law being considered by the legislature or any local governing authority. This provision shall not prevent the normal dissemination of factual information relative to a proposition on any election ballot or a proposition or matter having the effect of law being considered by the legislature or any local governing authority.
LSA-R.S. 43:31 (F) provides civil and criminal penalties for anyone who violates paragraph D of Section 31 which states:
 (1) Any administrative head of any branch, department, agency, or entity who violates any provision of this Section and any employee who, without the authorization of his administrative superior, violates any provision of this Section shall be personally liable for the cost of any printing in violation of this Section. Any funds of, administered by, or under the control of any branch, department, agency, official, employee, or other entity of state government expended on any printing in violation of this Section may be recovered by the state in a civil action instituted by the attorney general or any taxpayer.
 (2) Any person who violates the provisions of this Section shall be assessed a fine by the court of not more than five hundred dollars.
Because these statutes are punitive, they must be strictly construed. Accordingly, the exception which allows public bodies to disseminate factual information must be applied broadly. (State v. Sloan, 1916, 139 La. 881, 72 So. 428; State v. Cox, Sup. 1977, 344 So.2d 1024)
From the information provided by your office and the Legislative Auditor, we do not find language in the materials disseminated by STPLB that urge or solicit electors to vote for the proposition. The materials do, however, provide information, which is specifically authorized by the constitution and legislative acts. Accordingly, we can see no sound basis upon which this office might institute an action for recovery of funds expended. Furthermore, there is doubt as to whether LSA-R.S. 43:31 applies to a local political subdivision such as a levee board, because Section 31 is in Chapter 1, Title 43, of the Louisiana Reversed Statutes which is entitled "State Printing", whereas Chapter 4 pertains to printing by any political subdivision. Thus, this office might not have a right to file a civil action because no State Executive Branch entity is involved.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________ KENNETH C. DEJEAN GENERAL COUNSEL
KCD:ams
cc: Dr. Dan Kyle, Legislative Auditor Hon. Walter Reed, District Attorney, 22JDC