No. 12,109.

STATE OF LOUISIANA VS. ZANDER WREN AND Y. E. HARVILLE.

48  803
52  212

Kindred offences, generic in kind, growing out of the same transaction, may be charged in the same indictment, provided they be incorporated in separate counts.

The State does not waive the right to peremptorily challenge a juror after he has been examined and turned over to the defence. It is within the discretion of the trial judge to allow a peremptory challenge after the juror has been sworn.

It is sufficient in an indictment, to negative prescription, to aver that the crime was never made known to any officer of the State of Louisiana qualified and authorized to direct a prosecution.

APPEAL from the Ninth Judicial District Court for the Parish of Red River.   *Hall, J.*

*M. J. Cunningham*, Attorney General, and *J. B. Lee*, District Attorney, for Plaintiff, Appellee.

*James F. Pierson* and *J. C. Egan, Sr.*, for Defendants, Appellants.

Argued and submitted March 28, 1896.
Opinion handed down April 6, 1896.

The opinion of the court was delivered by

MCENERY J.   The defendants were charged in an information with the larceny of four sows and fourteen pigs, and also with altering the marks of the four sows with the intent to steal the same.

The first count charged the larceny, and the second the marking. with the intent to steal.   The larceny and the marking are alleged in.

the indictment to have occurred at the same time. The defendants were convicted under the second count. A motion to quash was filed, because the information charged the defendants with the commission of separate and distinct crimes covering different and separate transactions; second, the information charges different and separate felonies in one and the same count; that the punishment is different in one count in the information from the charge in the other count of the information.

They are kindred offences and grew out of the same act. They belong to the same generic class, and the rule is that such offences may be charged in the same indictment provided they be incorporated in separate counts. State vs. John Cook, 42 An. 85.

The two offences are charged in separate counts, and this meets both the first and second objections. The punishment being different does not prevent the offences being charged as in this information. That the punishment is similar and the offences generic and grew out of the same transaction is a sufficient compliance with the law.

In the case of State vs. Crosby and State vs. McLane, 4 An. 434, 435, it was held that a count for larceny may be joined in the same indictment with one for receiving stolen goods, the court stating "that it is no objection to the validity of an indictment that several offences of the same nature, and upon which the same or a similar judgment may be given, are charged in different counts."

In the brief of defendants it is stated that when the motion to quash was overruled the defendants understood that they were being prosecuted for a single transaction, the counts in the information covering but this one transaction, and that they were compelled to answer to an information in which the two counts referred to were distinct and separate transactions at different times. On this point we were without authority to review the facts, and we are confined to the averments on the face of the indictments. We find no bill of exception in the record to the admissibility of testimony, showing a different transaction from that charged in the information.

A juror, after having been examined as to his qualifications, was accepted by the State. The defendants also accepted the juror after examining him. The State then peremptorily challenged the juror, which was sustained. The juror was challenged before the oath was administered. The State did not waive the right to challenge the juror when he was turned over to the defence. Besides,

is discretionary with the court to allow a peremptory challenge after the oath has been administered.   State vs. Roland, 38 An. 18.

A plea of prescription was filed to the prosecution.

It is alleged by the defendants that the negative averments in the indictment should include every fact which would show that the knowledge of the crime had not been brought to any officer having the authority to investigate and to prosecute.   The information alleges that "said crime was never brought to the knowledge of any officer of the State of Louisiana, qualified and authorized to direct a prosecution, until the second day of October, 1895."   This averment was sufficient to. take the prosecution without the prescriptible time.

In case of State vs. Hanks, 38 An. 469, the language employed in . Sec. 986, Revised Statutes, was interpreted to mean that "no person shall be prosecuted for an offence unless indicted within a year after it was denounced to the public officer."

The averments in the information come within this interpretation. There is nothing in the motion for a new trial that calls for our ruling.   The matters alleged are those which were urged during the trial, and were facts which went to the jury.

Judgment affirmed.