LAND, J.
The information charged that the accused did willfully, feloniously, and burglariously break and enter, in the nighttime, the depot of the Louisiana & Arkansas *752 Railway Company at Good Pine, La., with the intent to steal, and did then and there feloniously take, steal, and carry away, one Royal Typewriter, of the value of $60, four fraternity uniforms, two suit cases, two packages of tailor-made clothing of the value •of $90, all of the value of $150, goods, wares, and merchandise of E. E. Blackburn and of the Louisiana & Arkansas Railway Company, the commission of which crime by the said D. B. Drummond was not made known to any officer of the law having authority to direct a public prosecution of same until March 5, 1912, at which time the said D. B. Drummond had fled from justice and was not apprehended until October, 1912. This information was presented in open court on January 22, 1913, and order filed, and on the same day the district attorney entered a nol. pros, on a similar information filed on December 3, 1912. The accused was duly arraigned and pleaded not guilty, and by consent of counsel on both sides the case was called and regularly taken up for trial, which continued into the third day thereafter, when the jury found the accused guilty as charged. Whereupon the accused filed a motion for a new trial. The motion was overruled. On the next day the accused, announcing himself ready for sentence, his counsel being present, was sentenced to imprisonment in the state penitentiary for eight years. Whereupon the accused appealed to the Supreme Court.
The accused has filed an assignment of •errors, which we shall proceed to consider as far as urged in the brief of counsel for the accused.
[1] 1. Section 852 of the Revised Statutes of 1870 denounces the burglary of any “shop, store, courthouse, church, barn, rice or sugar house, cotton gin, office, warehouse, or any out house appurtenant to a dwelling house, plantation, or any vessel”; and counsel for the accused contend that a railroad depot is not one of the classes of buildings designated, and therefore the information charges no crime against the accused under said section.
The information necessarily implies that the railroad depot was some kind of building, which the accused broke and entered in the nighttime, with intent to steal, and charged that the accused did then and there take, steal, and carry away a typewriter, four uniforms, two suit cases, and two packages of clothing, the goods, wares, and merchandise of Blackburn and the Louisiana & Arkansas Railway Company. Such a depot may have been used for, office or warehouse purposes, or for both. The quotation from the Arkansas Central R. R. v. Smith, 71 Ark. 189, 71 S. W. 947, which we find in the brief of counsel for the accused, shows that a railroad depot “may in some instances mean a house for the storage of freight,” or a place where trains regularly come to a stop for the convenience of passengers or for receiving or discharging freight. The objection urged is to the generality or indefiniteness of the description, a defect curable by amendment under our statutes. Even incorrect descriptions are curable in the same manner; and it has been held that, under an indictment for burglary, “stores” may be substituted for “dwelling house,” and in an indictment for shooting, “gun” may be substituted for “pistol.” See Marr’s Criminal Jurisprudence of Louisiana, p. 427. Insufficiency or incorrectness of description is not timely after verdict, or good in arrest of judgment; and defects curable by verdict cannot be assigned as error. Id. pp. 196, 881, 882.
[2] 2. It is urged that the minutes do not show affirmatively and expressly that the accused was present at open court at any important step of the proceedings, such as the impaneling of the jury, the reception of the verdict, etc. The minutes of January 22 and 24, 1913, expressly show the presence of the accused. The minutes of January 23d read as follows:
*754 “The trial of this ease resumed, the accused, his counsel, being present, and the taking of testimony in open court proceeded with, until the hour of adjournment.”
The extract makes no sense unless the word “and” after the word “accused” is supplied. The omission was evidently a clerical error. The accused was a witness in his own behalf on January 23, 1913, as shown by notes of evidence. Page 9 of the transcript.
[3] 3. The minutes show that the information was presented in open court, and was ordered filed, warrant to issue thereon, etc. We therefore cannot understand the assertion in the brief of counsel for the accused that “it does not appear the same was ordered or consented to by the court.” Act No. 156 of 1598 reads :■
“Prosecutions for offenses not capital may be by information, which may be filed either in open court or in the office of the clerk of the district court having jurisdiction.”
Under this statute it seems that the consent or order of the court is not a prerequisite to the filing of an information in cases not capital.
[4] 4. That the offense is prescribed on the face of the record. We have stated supra the allegations in the information touching the interruptions of the current of the prescription of one year. The Revised Statutes, § 986, reads:
“No person shall be prosecuted, tried or punished for any offense, willful murder, arson, robbery,' forgery and counterfeiting, excepted, unless the indictment or presentment of the same be found or exhibited within one year next after it shall have been made known to a public officer having the power to direct the prosecution. Nothing herein contained shall extend to any person absconding or fleeing from justice.”
Counsel for the accused argue that the information is bad because it alleges that the' commission of the offense by the accused was not made known, etc. The objection is bad, because the prosecution of some other person for the same offense would not have interrupted prescription quoad the accused. State v. Hanks, 38 La. Ann. 468; State v. Wren & Harville, 48 La. Ann. 803, 19 South. 745.
The allegation that the accused “fled from justice” is sufficient, and it was not necessary for the pleader to set out further particulars. State v. Vines, 34 La. Ann. 1073.
[5]The alleged insufficiency of the evidence adduced before the jury to prove interruptions of prescription is not assignable as error. The plea of prescription presents a mixed question of law and fact, which is properly left to the jury; a verdict of guilty in effect disposes of the plea. Marr’s Crim. Jurisprudence, p. 575.
The Supreme Court is not authorized to take up and deal with a plea of prescription as an original proposition. Id. 576.
In his argument the district attorney said:
“Gentlemen of the jury, I believe and I know that there was never a stronger case made out on circumstantial evidence than was made out in this case.”
Counsel for the accused objected and excepted to the remarks, and the judge a quo thereupon instructed the district attorney to refrain from expressing his personal opinions, and instructed the jury to disregard the remarks and to give them no consideration whatever.
The district attorney had the right to express his opinion on the strength of the evidence adduced before the jury. The reference to other eases may be deemed objectionable ; but, considering the action of the trial judge, we do not think that said remarks prejudiced the case of the accused before the jury. .
Counsel for the accused do not discuss any other bills of exceptions, but refer the court to them in general terms. We have read all the bills, and find nothing in any of them that calls for a reversal of the verdict and sentence below.
Judgment affirmed.