SO'MMERVILLB, J.
Plaintiff sued defendant for $10,000 damages for and on behalf of his minor son, August Louviere, for personal injuries suffered by the latter while traveling as a passenger on one of defendant’s electric cars, which was being operated over a suburban track, running between New Iberia and Jeanerette.
Plaintiff also sued for $5,000 damages on liis own behalf, for the mental anguish suffered by him because of said ac-ci'dent; but he appears to have abandoned the claim.
There was a verdict for $1,200 in favor of plaintiff and against defendant, and a judgment for that amount in favor of plaintiff for the use and benefit of his minor son.
Defendant appeals; and pfiaintiff asks for an amendment of the judgment by increasing it to $10,000, for the benefit and use of his minor son.
Plaintiff alleges, and defendant admits, that August Louviere, the minor son of plaintiff, was a passenger standing on the rear platform of one of defendant’s cars, and that another car following ran into the rear of the forward car in such manner that the forward platform of the rear car overlapped the platform on which Louviere was standing, and that a leg of Louviere was caught and crushed between the two platforms.
Plaintiff alleges negligence on the part of defendant company in not having properly manned and equipped the rear car which collided with the forward car, and in negligently operating it.
Defendant alleges that the accident was unavoidable, and that August Louviere was guilty of contributory negligence, and it denies liability.
If defendant was not negligent, plaintiff cannot recover, for liability of a carrier of passangetrs for damages “is bottomed on negligence.”
But the facts of the case, as disclosed by the record, render it unnecessary to consider the alleged negligence of the defendant, as they show that plaintiff’s son, a young man about 20 years of age, was culpably negligent at the time of his injury and of the alleged negligence of defendant, and that the injury to him would not have happened except for negligence on his part.
Plaintiff’s son, together with several young friends, boarded a trailer attached to a trolley car of defendant. They took positions and stood on the rear platform of the trailer, when there were many vacant seats in the cars. There was a printed warning on the car to go inside, and not to stand on the platform. The conductor several times told plaintiff’s son and others “to come into the car”; and when the car in the rear was getting close to the trailer the conductor hallooed to those on the rear platform to come into the car. The conductor saw the danger of a collision, and “got back in the car because there was no chance of Morris [the motorman of the rear car] stopping his car.” Regardless of these warnings, Louviere persisted in remaining in the dangerous position he had taken, laughing and flagging down, *593 with his hat in his hand, the motorman of the fast-coming and uncontrolled car. His uncle, a passenger on the rear car, went to the front platform of that car, and hallooed and waved his hat to those on the rear platform of the forward car to get off the platform. His warnings were unheeded by Louviere. The other boys on the platform finally appreciated their dangerous position, and went into the car or jumped off the platform, as the forward car ha'd made a stop, and was moving very slowly at the time. There was great confusion on and in the cars at the time, because all saw and knew that the rear car was not under control of the motorman, and that there would be a collision. Louviere retained his position, not realizing his danger, he says, until it was too late. When he turned to go into the car, the collision took place; he fell down; and the platform of the rear car was forced over the platform of the forward car, and his leg was crushed between the two platforms. No one was injured except Louviere, and had he been inside of the car where he should have been, and where he was told to go by the conductor and others, he would have escaped injury also. He undoubtedly contributed towards the injury which befell him; it would not have happened to him except because of his negligence; and he cannot recover damages from the defendant.
Louviere says in his testimony, had he known the collision “was going to happen, I would have gotten off,” or “walked inside.” Others knew the collision would happen, and he should have known it. Others got off the platform in time, and h§ should have done so. He admitted:
“If I had not been on the platform, it wouldn’t have hurt me. * * * I didn’t think they would bump.”
The law is that:
“A passenger must exercise ordinary care, and such care only, for his own safety; that is, such care as an ordinarily prudent man would exercise for his safety and security under the same circumstances.” O. J. vol. 10, p. 1096.
“One may be guilty of contributory negligence in failing to anticipate and act upon the contingency of another’s negligence.” Erie R. R. Co. v. Kane, 118 Fed. 223, 55 C. C. A. 129.
“One who voluntarily and unnecessarily exposes himself to a known and great danger, and thereby directly contributes to his injury, cannot escape the fatal effects of his contributory negligence because the negligence of the defendant which concurred tp produce the injury, and of which he was ignorant, [and which] made the danger greater than he supposed it to be.” Gilbert v. Burlington, C. R. & N. R. Co., 128 Fed. 529, 63 C. C. A. 27.
“When an injury would not except for the culpable negligence of the party injured, concurring with that of the other party, no action can be maintained.” Woods v. Jones, Cowan & Knowlton, 34 La. Ann. 1086.
“If one’s negligence proximately contributed to the injury, so that without his concurring fault it would not have happened, he cannot recover for the injury.” Sibley v. N. O. L. Ry. Co., 49 La. Ann. 589, 21 South. 850.
It is said in the above case that:
“The plaintiff seeks ■ to support the position that he was ordinarily prudent in riding upon the steps by quoting from Beach, on Contributory Negligence, par. 149: ‘It is not negligence per se for a passenger to ride upon the plat-of a car.’
“In the section from which the quotation was made, the text-writer says: ‘But, if there is standing room within the car, it is negligence to occupy the platform.’
“It appears that the cars were that there were no vacant seats. It was not made evident by a preponderance of proof that there was no standing room. In Chicago Railroad Co. v. Carroll, 5 Ill. App. 201, it was held: ‘So long as there is standing room in the cars, he must ride there.’
“There is authority in support that upon this point the burden of proof was with the plaintiff. ‘He must prove that he was there from necessity, and not from choice.’ Camden v. Railroad [99 Pa. 492] 44 Am. Rep. 123.”
The concurring negligence of plaintiff, contributory negligence, is defined by the court in the case of White v. Vicksburg, Shreveport & Pacific R. R. Co., 42 La. Ann. 990, 8 South. 475, as the “negligence hut for which, notwithstanding defendant’s negligence, the injury would have been avoided.”
In Woods v. Jones, Cowan & Knowlton, supra, the victim of the accident was riding on *595 a train composed of an engine, an empty coal car, and a caboose in which seats bad been placed for trainmen and passengers. . He took a seat in tbe coal car instead of in tbe caboose. Tbe train ran off tbe track, and be was thrown from tbe coal car and killed. No one in tbe caboose was injured. Tbe court say:
“It is clear that, bad Woods taken a seat in the caboose, as ordinary foresight prescribed, and the example of all others dictated, the deplorable occurrence would not have made him the victim of his audacity.”
In tbe case of Bemiss v. N. O. City & Lake R. Co., 47 La. Ann. 1671, 18 South. 711, tbe court bold:
“It is negligence to go from one car to another while the train is in motion. If a passenger on a train in motion attempts to go from one ear to another, and is thrown from the platform by the sudden jerk of the train, the defendant corporation is not responsible.”
In the case of Olivier v. L. & N. R. R. Co., 48 La. Ann. 804, 9 South. 431, it was held:
"A party voluntarily boarding a crowded train, and taking his place on the platform of a car, without complaint, or effort to obtain a seat, or other better accommodation, cannot assign the overcrowding of the train as negligence in the railroad company." -
"A passegger who voluntarily and unneces~ sarily places himself in a position of danger cannot hold the i~ailway responsible for injuries of which his position is the efficient cause; as, for instance, his riding on the platform of a moving car contrary to the request of the conductor." Fisher v. West Virginia & Pittsburg R. R. Co., 42 W. Va. 183, 24 S. E. 570, 33 L. R. A. 69.
The Supreme Court of tbe United States, in tbe case of Baltimore & Potomac R. Co. v. Jones, 95 U. S. 443, 24 L. Ed. 508, held, in a case where tbe plaintiff was riding upon the pilot of an eugine when a caboose bad . been provided for passengers, that there was not liability, saying:
“The liability of the company was conditioned upon the exercise, of reasonable and proper care and caution on his part. Without the latter, the former could not arise. He and another who rode beside him were the only persons hurt upon the train. All those in the box car, where he should have been, were uninjured. He would have escaped also if he had been there. His injury was due to his own recklessness and folly. He was himself the author of his misfortune. This is shown, with as near an approach to a demonstration as anything short of mathematics will permit. The case is thus clearly brought within the second of the predicates of mutual negligence we have laid down. Hickey v. Railroad Co., 14 Allen [Mass.] 429; Todd v. Railroad Co., 3 Allen [Mass.] 18 [80 Am. Dec. 49]; s. c., 7 Allen [Mass.] 207 [83 Am. Dec. 679]; Gavett v. Railroad Co., 16 Gray [Mass.] 501 [77 Am. Dec. 422]; Lucas v. Railroad Co., 6 Gray [Mass.] 64 [66 Am. Dec. 406]; Ward v. Railroad Co., 2 Abb. Pr. N. S. (N. Y.) 411; Railroad Co. v. Yarwood, 15 Ill. 468; Dogget v. Railroad Co., 34 Iowa, 284.”
Tbe accident to Louviere occurred on a fast-moving suburban car, and prudence required that be should have observed tbe ordinary rules concerning safety on fast-moving trains. He should not have stood on the platform, and thus have violated one of tbe rules of tbe defendant company and have unnecessarily exposed himself to tbe injury which befell him.
There were many vacant seats in tbe cars at tbe time be boarded the trailer; and after tbe cars were filled there was standing room in them. He should have gone into one of tbe cars; and be should not have remained on tbe platform, particularly when be saw, or should have seen, tbe danger of a collision with a fast-coming and uncontrolled car bearing down upon tbe car be was on.
In tbe state of Ohio a suburban railway is classed by statute as a street railway; but in that state it was held that tbe law of negligence governing tbe standing on a platform of a moving interurban car outside of a municipality is tbe same as in tbe case of steam cars. Cincinnati L. & A. Street R. Co. v. Lohe, 68 Ohio St. 101, 67 N. E. 161, 67 L. R. A. 637.
It is therefore ordered, adjudged, and decreed that tbe judgment appealed from be annulled, avoided, and reversed, and that tbe plaintiff’s suit be dismissed at bis cost.
O’NIELL and LECHE, JJ., dissent.