O’NIELL, Chief Justice.
 

 The defendants were tried and convicted under a bill of information charging that they had violated section 822 of the Revised Statutes, as amended by Act No. 162 of 1910, by trespassing upon certain land belonging to the city of New Orleans, by entering upon the land without the permission of the owner or lessee. The defendants promptly filed a motion to quash the bill of information on the ground that the facts stated in the bill did not constitute a violation of the law.
 

 The statute declares that “whoever shall enter upon any plantation or farm, or upon any grounds upon which crops or fruits of any kind are grown, or into any enclosure without the permission of the owner,” shall on conviction be sentenced to pay a fine not exceeding $50 or to be imprisoned for a term not exceeding 90 days; and the statute contains a proviso that it shall apply only “to such enclosures as are properly and sufficiently posted by the owner warning trespassers off such premises.”
 

 The district judge admits, in his ans.wer to the rule to show cause why the alternative writ of prohibition should not be made absolute, that the land upon which the defendants entered, and which belonged to the city of New Orleans, was not a plantation, or farm; that no crops or fruits of any kind were grown thereon; and that the land was not inclosed by any kind of fence. It is admitted that the land was marsh land, or low prairie land, not under cultivation, and fit only for hunting and trapping, and for fishing in Bayou Segnette, a navigable stream on which the land fronts. The land was leased by the city to one Sidney Hogan, for hunting and fishing, and for trapping fur-bearing animals; and the boundaries of the land were properly posted with warnings against trespassing. The defendants went upon the land from Bayou Signette, for the purpose of trapping fur-bearing animals, without the consent of the owner or lessee of the land, and set their -traps as far back as 400 feet from the Bayou. There is no doubt, therefore, that the defendants were trespassers, in the ordinary acceptation of the term. But the statute does not make such trespassing a penal offense, unless the land trespassed upon is a plantation or farm, or land on which crops or fruits of some kind are grown, or is inclosed by some kind of fence, either artificial or natural. The fact that the land fronts on a stream, either navigable of non-navigable, does not make it an inclosure. And the proviso in the statute sHows'plainly that the mere posting of the land with warnings against trespassing is not enough to make it an inclosure, or subject to the provisions of the statute. It is too well settled to need reference to authority that penal laws must be construed strictly in accord with their letter, and that a wrong which does not come within the letter of such a law does not subject the offender to the penalty.
 

 The conviction and sentence are annulled.
 

 ST. PAUL, J., absent.