**160 So. 99**

**STATE ex rel. PANVILLE v. BUTLER, Judge, et al.**

**No. 33219.**

Feb. 4, 1935.

Rehearing Denied March 4, 1935.

W. J. & H. W. Waguespack, of New Orleans, and Pugh & Lanier, of Thibodaux, for relator.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., J. A. O. Coignet, Dist. Atty., of Thibodaux, and Lessley P. Gardiner, Sp. Asst. to Atty. Gen., for the State.

Milling, Godchaux, Saal & Milling and L. K. Benson, all of New Orleans, amici curiæ.

Philip S. Pugh, of Crowley, amicus curiæ on behalf of relators.

Howell & Deramee, of Thibodaux, associated with J. A. O. Coignet, Dist. Atty.

FOURNET, Justice.

The relator, Edward Panville, was convicted of taking possession of marsh lands in the parish of Lafourche, belonging to Bowie Lumber Company, in violation of section 818 of the Revised Statutes of Louisiana, as amended by Acts No. 85 of 1890 and No. 19 of 1917, Ex. Sess.

Upon motion of the relator for a bill of particulars as to the act or conduct of relator constituting the act of possession charged in the bill of information, the district attorney, in compliance with the order of the court, informed the court "that the act or conduct of the defendant constituting the possession stated in the information consisted of the setting and opening of traps for the catching or trapping of fur bearing animals on lands belonging to Bowie Lumber Company." The relator promptly filed a motion to quash the information on the ground that the facts did not constitute an offense known to the laws of Louisiana, and, therefore, the court had no jurisdiction. The motion was overruled, and, after trial, relator was convicted and sentenced to pay a fine of $15 and to serve thirty days in the parish prison.

The sole question involved in this case is whether or not the act of setting traps for the catching or trapping of fur bearing animals on lands belonging to another is a crime clearly and unmistakably described and contemplated in the Revised Statutes, section 818, as amended.

This court, in the case of State v. Hebert, 179 La. 190, 153 So. 688, held that a penal statute is to be strictly construed, which rule is well settled in our jurisprudence.

It is obvious that the Legislature in adopting section 818 of the Revised Statutes of 1870 could not have intended to embrace the act of trapping fur bearing animals on lands of another. At that time trapping as a business was, in so far as we know, unknown in the state. If it was not the intention of the Legislature to include and embrace the act of trapping fur bearing animals on the lands of another as a violation of section 818 of the Revised Statutes, in the face of the jurisprudence of this state unqualifiedly announced and reaffirmed in the Hebert Case, the relator is a trespasser, in the ordinary acceptation of the term, and, necessarily, the court was without jurisdiction to render said judgment and impose said sentence on relator.

For the reasons hereinabove stated, the conviction and sentence of the lower court are annulled and set aside; the writ of prohibition herein granted is perpetuated and the judge of the Seventeenth judicial district court prohibited to further proceed with the execution of the judgment and sentence.