ODOM, Justice.
 

 These defendants were prosecuted under .a bill of information which charged that they ■“did wilfully and unlawfully take possession of a tract of land being the property of Jack Blount without any legal right so to do.”
 

 The charge was brought under section 818 -of the Revised Statutes, as amended by Act No. 85 of 1890, which provides that:
 

 “Whoever shall take possession of any tract -of land, or any part thereof, or of any house or other tenement, being the property of another person, without any legal right so to do (and whose possession shall not have continued for one year without -disturbance)
 
 * *
 
 * shall on conviction be fined not less than fifty dollars nor more than one thousand dollars or imprisoned not less than ten days nor more .than six months or both at the dis-cx-etion of the court.”
 

 Counsel for defendants in limine moved for .a bill of particulars, setting out “what act or acts or conduct of defendants constitute .the possession stated in the information herein and what is the character and description •of the possession which the information wishes to convey by the indefinite term ‘possession.’ ”
 

 The court ordered that a bill of particulars be furnished and, in compliance, the prosecuting attorney set out that the defendants did. “go on and upon and take possession of Secs. 26, 27, 28 and 29 of T 18 S, R
 
 24
 
 E, by setting traps on said property” and “did take possession of said property by setting traps * * * and also removing rats from the said traps.”
 

 Defendants then moved that the charge be quashed on the ground that the bill of information as enlarged set forth no offense known to the laws of the state. The motion to quash was overruled; defendants were tried, convicted, and sentenced. This appeal followed.
 

 The question presented is whether the entering and setting traps on the lands of another for the purpose of catching rats, which are wild fur-bearing animals, is a taking of “possession” of the land as that term is used in section 818 of the Revised Statutes, quoted above. If so, the court properly overruled the motion to quash. If not, the motion to quash should have been sustained.
 

 Admittedly these defendants entered upon the lands described without any right so to do. The lands are marsh, wild, and uninclosed. They are inhabited by rats, fur-bearing animals, the pelts of which are valuable. Jack Blount had leased the marsh lands from the owner “solely for the purpose of trapping fur-bearing animals.” His contract gave him the exclusive privilege of trapping the animals thereon. His trapping rights were valuable and were seriously interfered with by the defendants, who entered upon the lands, set their traps, caught rats, and removed them. Blount, the lessee, testified that while he owned some 300 traps, he had set only 65 on the land because “my land is so completely covered with traps (of the defendants) and
 
 *720
 
 has been so badly trampled on by trespassers that there isn’t any place there for me to put out traps.” Asked if he had traps on the land, he said: “Xes, I had traps on the land. It doesn’t do me any good to go out and set just a few traps where I should set a few hundred.”
 

 From this it conclusively appears that defendants were intruders upon the land in the sense that they went upon it without right, invitation, welcome, or permission (Webster). They were trespassers in the ordinary sense, in that they unlawfully entered upon the lands of another.
 

 Even so, it does not necessarily follow that they violated section 818 of the Revised Statutes, which makes it a misdemeanor to take possession of any tract of land belonging to another person without any right so to do.
 

 “Possession,” as that term is used in section 818 of the Revised Statutes, means something more than merely going upon the lands or premises of another without right, invitation, welcome, or permission, or entering upon them unlawfully. Whether we look to our own civil law or to the lexicographers for a definition of the word “possession,” we find that it means a detention of or dominion over a thing. By referring to. article 3426 of the Civil Code we find that “possession is the detention or enjoyment of a thing, which we hold or exercise.” “There are two species of possession, natural and civil.” C. C. art. 3427. “Natural possession is that by which a man detains a thing corporeally, as by occupying a house, cultivating ground, or retaining a movable in possession.” C. C. art. 3428. “Possession is civil when a person ceases to reside in the house or on the land which he occupied, or ceases to detain the movable which he possessed, but without intending to abandon the possession.” C. C. art. 3429.
 

 “Natural possession is also defined to be the corporeal detention of a thing which we possess as belonging to us, without any title to that possession, or with a title which is void.” C. C. art. 3430.
 

 The word “detain” means “to hold or keep in continuity * * * to keep, to retain, to withhold.” “Detention” is the act of detaining or keeping back or withholding; it means the keeping- in one’s physical possession or control (Webster).
 

 Webster says that the word “possession” in law means the “act, fact, or condition of a person’s having such control of property that he may legally enjoy it to the exclusion of all others having no better right than himself.”
 

 For other definitions, see Words and Phrases under the general heading Possession.
 

 The word “possession,” as used in section 818 of the Revised Statutes, means “natural possession,” as that term is used in article 3428 of the Code, which is the corporeal detention of the thing, such as occupying a house or the cultivation of land. It implies the detention, holding, or controlling of property to the exclusion of others. The statute' has no application to those who merely intrude upon or trespass upon the lands of another. These defendants did not in fact pretend to detain or hold the property to the exclusion of others, but went upon it to set traps for the purpose of catching the fur-bearing animals. In doing so they committed a trespass in the ordinary sense. But if such trespass did not
 
 *722
 
 amount to a “taking of possession” of the land, as that term is used in section 818 of the Revised Statutes, the indictment should have been quashed and the defendants set at liberty.
 

 The lawmakers evidently did not intend that a trespass upon the lands or premises of another should be considered as a taking of possession of such property, because following section 818, which forbids the taking of possession of another’s property, is section 822, which forbids trespassing. If the lawmakers had intended that merely trespassing upon the premises of another should be considered as a taking of possession of such premises, then section 822, which forbids trespassing, was a useless piece of legislation, because if a trespass amounts to a taking of possession, then every trespasser would be subject to prosecution under section 818. The fact that section 822, which forbids trespassing, was inserted almost immediately following section 818, which forbids the taking of possession of the premises of another, strongly indicates, and we think almost demonstrates, that it was not intended that a trespass should be construed as a taking of possession.
 

 We here refer to a trespass as that term is ordinarily used and understood and not in its legal sense as denounced by section 822, as finally amended by Act No. 162 of 1910, p. 246.
 

 The original statute forbidding trespassing was Act No. 11 of 1865, Ex. Sess., which was carried into the Revised Statutes of 1870 as section 822. That act went no further than to forbid the entering upon the plantation of another without permission. But as finally amended the law against trespassing applies to plantations or farms, or grounds upon which crops or fruits are grown or into inclosures, and only to such inclosures as are properly posted by the owner. State v. Hebert et al., 179 La. 190, 153 So. 688.
 

 In the Hebert Case, the defendants were trappers, just as in the case at bar, and were prosecuted for trespassing under Rev. St. § 822. But there, as here, the premises were not inclosed and it was held that they were not guilty of the penal offense of trespassing.
 

 These defendants entered upon the lands of another without permission for the purpose of capturing rats and to thereby acquire ownership of them by means of “occupancy,” as that term is used in articles 3412 to 3415 of the Civil Code; “occupancy” being a mode of acquiring the ownership of things which belong to nobody.
 

 After citing these articles of the Code, counsel for the state quote the following from the Century Dictionary and Cyclopaedia, vol. 6, p. 4637, as the meaning of possession:
 

 “The act of possession or the state of being possessed; the having, holding or detaining of property in one’s power or control; the state of owning or controlling; actual seizing or occupancy, either rightful or wrongful. One man may have the possession of a thing, and another may have the right of property in it.”
 

 Counsel then say in their brief:
 

 “The court will notice that the dictionary uses the words ‘occupancy’ and ‘possession’ interchangeably as having one and the same meaning. This fact, coupled with the fact
 
 *724
 
 that the capture of wild beasts, birds and animals of every kind was treated in the Oode of 1870 under the title of ‘Occupancy, Possession and Prescription,’ . unmistakably shows that in 1870 when the R. S. § 818 was enacted, the capture of wild animals (whether a business or not) was a recognized means of ‘taking possession.’”
 

 Rats are wild animals, which enjoy their natural liberty and go where they please. While at large they belong to nobody. But such animals “do as soon as they .are taken become instantly by the law of nations the property of the captor; for it is agreeable to natural reason that those things which have no owner, shall become the property of the first occupant.” The law confers ownership of such things upon him who first captures, occupies, or possesses them.
 

 Articles 8412 to 3415 of the Oode relate to “occupancy” as a mode of acquiring property. But the things which may be acquired by occupancy are things which belong to nobody, such as wild beasts, birds, and animals which are bred in the sea, the air, or upon the earth. O. 0. art. 3415.
 

 The word “occupancy,” used in these articles of the Code, is synonymous with the word “possession,” as used in Rev. St. § 818, and in the articles of the Code relating to “natural possession.” The word “occupancy,” when used with reference to the mode of acquiring property, means the taking, the holding, the actual seizing, and keeping as one’s own, such things as may be acquired by capture, and does not relate to the occupancy or possession of the ground on which or from which wild things which have no owner may be captured. It relates to the things which may be captured and which may become the property of the first occupant or possessor.
 

 The point involved in this case is precisely the same as that involved in State ex rel. Panville v. Butler, 160 So. 99, and State v. Matherne et al., 160 So. 100, decided February 4, 1935, in which we held that the going upon the lands of another for the purpose of setting traps to catch rats was not a violation of section 818 of the Revised Statutes.
 

 We have given the question involved further and most careful consideration and, after doing so, are still of the opinion that trappers are not amenable to prosecution under that section of the statutes.
 

 For reasons assigned, the judgment of the district court overruling the motion to quash is reversed, the indictment brought against the defendants is quashed, the convictions and sentences are set aside, and the defendants are ordered released.