LAND, Justice.
 

 This is a suit by plaintiff, Alex Hebert, against defendants, Sidney Hogan and Oliver St. Blanc, for damages in the sum of $10,000 for malicious prosecution, growing out of the arrest and prosecution of plaintiff by defendants for trespassing. The prosecution was instituted upon an affidavit made by the defendant Oliver St. Blanc, charging plaintiff with trespass.
 

 Plaintiff alleges that the prosecution was initiated and continued without probable cause therefor and with malice on the part of defendants, and annexes to and makes part of his petition the decision of this court in State v. Hebert et al., 179 La. 190, 153 So. 688.
 

 The facts set forth in that decision must therefore be considered as alleged in plaintiff’s petition, and must be assumed to be true, for the purpose of disposing of the exception of no right or cause of action tendered by défendants.
 

 In State v. Hebert et al., supra, this court said: “The defendants were tried and convicted under a bill of information charging that they had violated section 822 of the Revised Statutes, as amended by Act No. 162 of 1910, by trespassing upon certain land belonging to the city of New Orleans, by entering upon the land without the permission of the owner or lessee. The defendants promptly filed a motion to quash the bill of information on the ground that the facts stated in the bill did not constitute a violation of the law.
 

 “The statute declares that ‘whoever shall enter upon any plantation or farm, or upon any grounds upon which crops or fruits of any kind are grown, or into any enclosure without the permission of the owner,’ shall on conviction be sentenced to pay a fine not exceeding $50 or to be imprisoned for a term not exceeding 90 days; and the statute contains a proviso that it shall apply only ‘to such enclosures as are properly and sufficiently posted by the owner warning trespassers off such premises.’
 

 “The district judge admits, in his answer to the rule to show cause why the alternative writ of prohibition should not be made absolute, that the land upon which the defendants entered, and which belonged to the city of New Orleans, was not a plantation, or farm; that no crops or fruits of any kind were grown thereon; and that the land was not inclosed by any,kind of fence. It is admitted that the land was marsh land, or low prairie land, not under cultivation, and fit
 
 *753
 
 only for hunting and trapping, and for fishing in Bayou Segnette, a navigable stream on which the land fronts. The land wan leased by the city to one Sidney Hogan, for hunting and fishing, and for trapping fur-bearing animals; and the boundaries of the land were properly posted with warnings against trespassing. The defendants went upon the land from Bayou Segnette, for the purpose of trapping fur-bearing animals, without the consent of the owner or lessee of the land, and set their traps as far back as 400 feet from the Bayou. There is no doubc, therefore, that the defendants were trespassers, in the ordinary acceptation of the term. But the statute does not make such trespassing a penal offense, unless the land trespassed upon is a plantation or farm, or land on which crops or fruits of some kind are grown, or is inclosed by some kind of fence, cither artificial or natural. The fact that the land fronts on a stream, either navigable or non-navigable, does not make it an inclosure. And the proviso in the statute shows plainly that the mere posting of the land with warnings against trespassing is not enough to make it an inclosure, or subject to the provisions of the statute. It is too well settled to need reference to authority that penal laws must be construed strictly in accord with their letter, and that a wrong which does not come within the letter of such a law does not subject the offender to the penalty. 1
 

 “The conviction and sentence are annulled.”
 

 It is stated in the decision in that case that: “-There is
 
 no doubt,
 
 therefore, that the defendants [including plaintiff] were
 
 trespassers,
 
 in the
 
 ordinary acceptation
 
 of the term.” (Italics ours.]
 

 Such a statement necessarily negatives malice and want of probable cause, the essential averments of a suit for malicious prosecution. Besides, the petition in this 'case alleges that, upon the affidavit of one of the defendants, the district attorney, a sworn officer of the law, filed the information under which plaintiff was prosecuted, a fact which necessarily carries with it the implication that that officer was also of the opinion that plaintiff was a trespasser.
 

 Defendants had reasonable grounds for believing that plaintiff was a trespasser, as he had gone upon lands leased by one of them from the city to trap without the consent of the owner or the consent of the lessee and in spite of the fact that the boundaries of the land were properly posted with warnings against trespassing. Defen,dants did precisely that which any reasonable and law-abiding citizen would have done under similar circumstances. They appealed to the courts and the officers of the law for protection against the unlawful and willful invasion of their property rights by plaintiff ; such conduct upon the part of plaintiff constituting a trespass in the ordinary sense of that term.
 

 Whether ,or not plaintiff was guilty under the particular statute under which the district attorney proceeded is therefore unimportant, since defendants had probable cause for the prosecution of plaintiff, assuming the facts set forth in the petition to be true.
 

 Our conclusion is 'that plaintiff’s petition fails to disclose a right or cause of action,
 
 *755
 
 and that the judgment of the lower court, maintaining this exception and dismissing plaintiff’s suit, is correct.
 

 Judgment affirmed.
 

 O’NIELL, C. J., absent.