ROGERS, Justice.
 

 The defendant, Roy Reed, appeals from his conviction and sentence for selling intoxicating liquor within the territorial limits of Ward 9 of Rapides Parish on April 17, 1937. The prosecution is based on an ordinance adopted by 'the police jury on January 15, 1935.
 

 Defendant filed motions to quash, for a new trial, and in arrest of judgment, in each of which the unconstitutionality and illegality of the ordinance is alleged. The trial judge overruled the motions, and the defendant reserved bills of exception to his rulings.
 

 On December 31, 1934, a local option election was held in Wards 9 and 10 of Rapides Parish under section 25 of Act No. 15 of 1934, which was the only statute in effect at the time authorizing local option in the various wards of the parish. At that election two distinct propositions were submitted separately to the electors: First, as to whether there should be permitted to be possessed for sale or sold in the wards spirituous liquors of an alcoholic content greater than 3.2 per cent, and less than 6 per cent, by volume; and, second, whether there should be permitted to be possessed for sale or sold in the wards spirituous liquors of an alcoholic content greater than 6 per cent, by volume.
 

 According to the election returns, each proposition was rejected by the voters. That is to say, a majority of the electors
 
 *405
 
 voting in each ward voted in favor of prohibition on both propositions. Subsequent to the election the police jury adopted the ordinance under which the present prosecution is being conducted.
 

 The status of the local option election and the legislative act under the provisions of which it was called and held (section 25 of Act No. 15 of 1934) was determined by this court in the case of Kelly v. Rapides Parish Police Jury, 184 La. 903, 914, 168 So. 96. In that case this court, affirming the district court, held that the first proposition submitted in the election, namely, the one relating to the sale of liquor containing more than 3.2 per cent, and less than 6 per cent, of alcohol by volume, was invalid; and that the second proposition submitted in the election, namely, the one relating to the sale of liquor containing more than 6 per cent, of alcohol by volume, was valid.
 

 The police jury ordinance was adopted before the attack on the local option election was made in the Kelly Case; but the present prosecution was not instituted until about one year after this court had refused a rehearing in that case.
 

 The ordinance is composed of two sections, the first denouncing the offense and the second prescribing the penalty. Section 1, the sole section relating to the offense, reads as follows:
 

 “Section 1. Be it ordained by the Police Jury of Rapides Parish in regular session convened, that it shall be unlawful for any person, firm, or corporation to sell or possess for sale within the limits of Wards Nine and Ten of Rapides Parish, Louisiana, any beer, wine, porter, whiskey or other malt, vinous or spirituous liquor having an alcoholic content greater than 3.2 per cent by volume.”
 

 Defendant contends that the ordinance is invalid because the police jury, a body corporate with only delegated powers, exceeded its authority in prohibiting the sale or the possessing for sale of spirituous liquors of an alcoholic content of more than 3.2 per cent, by volume in dry territory. That the sole authority of the police jury for the adoption of the ordinance is Act No. 15 of 1934, which act does not declare it unlawful to sell or to possess for sale liquors containing more than 3.2 per cent, of alcohol by volume.
 

 Since, as was decided in the Kelly Case the local option election was invalid as far as it related to the sale or possession for sale of liquors of an alcoholic content greater than 3.2 per cent, by volume and less than 6 per cent, by volume, it is clear that the police jury was not authorized to prohibit the sale or the possession for sale of spirituous liquors of that particular class or character. This is admitted by the state, which concedes that the ordinance is invalid to that extent. But the state contends that the ordinance is divisible, and as the Kelly Case also held that the local option election was valid so far as it related to the sale or the possession for sale of spirituous liquors containing more than 6 per cent, of alcohol by volume, the ordinance is valid to that extent, and that as to its valid part it is enforceable. This was the view taken by the trial judge, who held that the ques
 
 *407
 
 tion was one of evidence, the burden resting on the state to show that the intoxicating liquor alleged to have been sold by the defendant contained a greater alcoholic content that 6 per cent, by volume in order to convict, thus bringing his act within the valid part of the ordinance.
 

 Defendant disputes the state’s contention that the ordinance is divisible. He contends that the ordinance has no valid part and no invalid part; that in its nature it is invalid in all its parts.
 

 The question presented for decision is one of law involving the construction of the ordinance, and not one of fact depending upon the admission of evidence on the trial of the merits.
 

 We think defendant’s contention must prevail.
 

 There are numerous cases where an ordinance may be valid in one particular and not valid in another. But those are cases where the valid part is complete and independent of the invalid part. In such cases the invalid part may be rejected without affecting the whole ordinance. But this is not such a case.
 

 If the ordinance under review contained separate sections or even separate provisions, one prohibiting the sale or the possession for sale of spirituous liquors containing more than 3.2 per cent, and less than 6 per cent, of alcohol by volume and the other prohibiting the sale or the possession for sale of spirituous liquors containing more than 6 per cent, of alcohol by volume, a case within the rule invoked by the state would be presented.
 

 In fact, that is the way the mandate of the electors as expressed in the result of the local option election required the police jury to adopt the ordinance. If that had been done the separate section or separate provision relating to the sale or the possession for sale of spirituous liquors containing more than 6 per cent, of alcohol by volume could be given effect as. a substantive enactment.
 

 But the police jury did not obey tile mandate of the electors. The ordinance was adopted as a whole and not in any parts or sections, and is' apparently animated by one general purpose and intent, namely, to denounce and punish as an offense the sale or the possession for sale of spirituous liquors containing more than 3.2 per cent, of alcohol by volume. In other words, the police jury attempted by the ordinance to denounce and punish as a single criminal offense the act of selling or possessing for sale spirituous liquors containing more than 3.2 per cent, of alcohol by volume in dry territory.
 

 Penal laws are subject to the rule of strict construction. They will not be construed to embrace cases not within their letter even though within their spirit. State v. Palanque, 133 La. 36, 62 So. 224. Nothing can be added to them by inference.
 

 Since the ordinance under review merely attempts to denounce and punish a single criminal offense, there is no question of separating its valid part from its. invalid part. It has no valid part. To-give any effect whatever to the ordinance,, the court must read out of it the words, “more than 3.2 per cent” and read into it
 
 *409
 
 the words “more than 6 per cent.” This the court is not authorized to do. The scope of judicial interpretation does not admit the right of judicial legislation.
 

 Our conclusion is that the ordinance under review is invalid, because it is an attempt on the part of the police jury to denounce and punish as a criminal offense the sale or the possession for sale of spirituous liquors containing more than 3.2 per cent, of alcohol by volume in dry territory, whereas the legislative act (No. IS of 1934) under which the local option election was held and the ordinance adopted, does not authorize the police .jury to so legislate, but, on the contrary, negatives its right to do so. Having reached that conclusion, it becomes unnecessary for us to pass on the other ground of illegality raised by defendant, namely, that the ordinance is illegal because it does not contain the provision that the alcoholic liquors sold or possessed for sale must be for beverage purposes. This contention is based on the amendments, Act No. 11, Second Extra Session of 1934, and Act No. 1, Third Extra Session of 1934, to Act No. 15 of 1934. The amendments were adopted by the Legislature prior to the adoption of the police jury ordinance, but subsequent to the calling and holding of the local option election on which it is predicated.
 

 For the reasons assigned, the Conviction and sentence appealed from are annulled; the motion to quash herein filed by the defendant is sustained; and it is ordered that the defendant be discharged.
 

 HIGGINS,
 
 J'.,
 
 takes no part,