HIGGINS, Justice
 

 (dissenting).
 

 On July 10, 1941, the district attorney for the Parish of Orleans filed a bill of information against the accused alleging, in two counts, that he had committed the offense of embezzlement of the sum of $566.03 on September 16, 1936, and the sum
 
 *353
 
 of $199.96 on December 3, 1936. As it appeared on the face of the information that the alleged crime was prescribed by prescription of one year, the third count of the information negatived prescription by stating that the district attorney “does further give the said Court here to understand and be informed that although
 
 more than one year has elapsed since the commission of the aforesaid offenses,
 
 in the manner and form as aforesaid,
 
 yet more than one year has not elapsed since the commission of the aforesaid offenses was made knovan to the hidge, District Attorney or Grand hcry having jurisdiction thereof,
 
 * * (Italics for emphasis.)
 

 The defendant filed a plea of prescription contending that the information was fatally defective because the district attorney had not negatived prescription of one year from the date the aforesaid offenses were made known to the judge, district attorney or grand jury having jurisdiction thereof. The trial judge overruled the defendant’s plea and he applied to this court, under its supervisory jurisdiction, for writs of certiorari, mandamus and prohibition. The writs were granted and on the return day the matter was submitted on the record and briefs.
 

 The issue presented must be determined by the proper interpretation to be placed upon Count 3 of the bill of information and the pertinent parts of Article 8 of the Code of Criminal Procedure, enacted in 1928 (as amended by Act 147 of 1942 and Act 323 of 1942, which are identical as far as this case is concerned), reading as follows:
 

 “Art. 8.
 
 No person shall be prosecuted, tried or punished for any offense,
 
 murder, aggravated rape, aggravated kidnapping, aggravated arson, burglary in the nighttime, burglary in the daytime, armed robbery, and treason excepted,
 
 unless the indictment, information, or affidavit for the same be found or filed within one year after the offense shall have been made known to the judge, district attorney or grand jtiry having jurisdiction;
 
 * * *.
 

 “Provided,
 
 that in all criminal prosecutions am indictment found, or an information filed, or an affidavit filed where prosecution may be by affidavit, before the above prescription has accrued, shall have the effect of interrupting such prescription;
 
 *
 
 * *”
 
 (Italics for emphasis.)
 

 The law is clear and well-established that where it appears from the face of an indictment or information that the offense was committed one year before it was filed, the indictment or information is fatally defective unless there is a proper allegation contained therein negativing prescription of one year by stating that it was filed “within one year after the offense was made known to the judge, district attorney or grand jury having jurisdiction [thereof].” Art. 8, Code of Criminal Procedure as amended; State v. Guillot, 200 La. 935, 9 So.2d 235, 242; State v. Oliver et al., 193 La. 1084, 192 So. 725; State v. McNeal, 159 La. 386, 105 So. 381; State v. Drummond, 132 La. 749, 61 So. 778; State v. Hoffman, 120 La. 949, 45 So. 951; State v. Conega, 121 La. 522, 46 So. 614; State v. Foley, 113 La. 206, 36 So. 940; State v. West, 105 La. 639, 30 So. 119; State v. Hinton, 49 La.Ann. 1354, 22 So. 617; State v. Pierre, 49 La.Ann. 1159,
 
 *355
 
 22 So. 373; State v. Wren et al., 48 La.Ann. 803, 19 So. 745; State v. Davis, 44 La.Ann. 972, 11 So. 580; State v. Joseph, 40 La.Ann. 5, 3 So. 405.
 

 There is no doubt that Article 8 of the Code of Criminal Procedure, as amended, is a statute of repose and that its provisions must be liberally construed in favor of the accused and strictly interpreted against the prosecution.
 

 In 22 C.J.S., Criminal Law, § 224, page 351, we find:
 

 “In most jurisdictions there are statutes limiting the time within which prosecutions for crime may be commenced, and the validity of such statutes has been sustained. Such statutes, broadly speaking, are to be construed liberally in favor of accused and against the prosecution. * *
 
 *»
 

 And in the footnotes on the same page under “Reasons for Rule”, it is stated:
 

 “The statute of limitations is not a process to be applied strictly and grudgingly, but must be liberally construed, not only because such liberality of construction belongs to all acts of amnesty and grace, but because the very existence of the statute is a recognition by the legislature of the fact that time gradually wears out proofs of innocence, and a notification that a fixed and positive period established by it destroys all proofs of guilt.”
 

 In State v. Bradley, 144 La. 459-462, 80 So. 657, 658, it was said:
 

 “ * * * we have to take the law as we find it, and have due respect for all of the safeguards which the law gives to the defendant in a prosecution for crime.”
 

 It is the universal and cardinal rule of construction that penal statutes must be strictly construed and it is elementary that in criminal cases the law is strictly interpreted in favor of the accused and against the State. State v. De Generes, 194 La. 574, 194 So. 24; State v. Clement et al., 194 La. 395, 193 So. 685; State v. Whitlock et al., 193 La. 1044, 192 So. 697; State v. Reed, 188 La. 402, 177 So. 252; State ex rel. Panville v. Butler et al., 181 La. 622, 160 So. 99; State v. Hebert et al., 179 La. 190, 153 So. 688; State v. Williams, 173 La. 1, 136 So. 68; Cendon v. H. G. Hill Stores et al., 171 La. 341, 131 So. 41; State v. Terrill, 169 La. 144, 124 So. 673; State v. Brunson, 162 La. 902, 111 So. 321, 50 A.L.R. 1531; Liquidators of Langermann, 156 La. 76, 100 So. 55; Canal Commercial T. & S. Bank v. Employers’ L. A. Corp., 155 La. 720, 99 So. 542; State v. Dean, 154 La. 671, 98 So. 82; State v. Sloan, 139 La. 881, 72 So. 428; 22 C.J.S., Criminal Law, § 21, page 69.
 

 The relevant language of Article 8 of the Code of Criminal Procedure, as amended, is identical with the provisions of the earlier statutes of this State. Rev. Stats. Sec. 986; Act 50 of 1894; Act 73 of 1898 and Act 67 of 1926. This court, in considering the above-referred to provisions, has repeatedly held that the prescriptive period is exactly one year.
 

 In the case of State v. McNeal, 1925, 159 La. 386, 105 So. 381, 382, the Court said:
 

 
 *357
 
 “The indictment charges the crime to have been committed by the accused on October 15, 1923. It was returned into open court by the grand jury and filed on January 23, 1925, more than a year from the time the crime is alleged to have been committed. There is no allegation or statement in the indictment to negative the fact that the crime had been prescribed when the indictment was found, such as, for instance, that the offense had not been made known to any officer of the law having power or authority to direct a prosecution
 
 until within the year prior to the indictment.
 
 * * * ”
 

 In State v. Richard, 1921, 149 La. 568, 89 So. 697, 699, the Court held:
 

 “When, therefore, the state undertakes to prosecute under an indictment which charges an offense committed more than a year prior to its finding, it proceeds in violation of a prohibitory law, unless it makes allegation that the offense was not made known,
 
 within the year,
 
 to any public officer having the power to direct the investigation or prosecution; * *
 

 In the concurring opinion of the foregoing case, 149 La. on page 579, 89 So. on page 701, we find:
 

 “The reason why an indictment for an offense alleged to have been committed
 
 a year or longer before the indictment is found
 
 must contain the allegation that the commission of the offense was not made known to an officer authorized to prosecute
 
 a year or longer before the indictment was found
 
 is that that allegation is necessary to show a legal right to proceed with the prosecution or trial.”
 

 In State v. Perkins, 1935, 181 La. 997, at page 1003, 160 So. 789, at page 791, the Court said:
 

 “To say the least, the information that was in the possession of the district attorney was sufficient to place him on notice that defendant had committed the crime of bigamy, and to suggest that a prompt and full inquiry be had as to the facts. There is no reason to suppose, in the exercise of due diligence, he could not have discovered
 
 within the year prescribed by the codal article
 
 [Art. 8, Code of Criminal Procedure] that, as it subsequently developed, defendant’s first wife was living undivorced from defendant at the time he contracted his second marriage.” (Brackets ours.)
 

 In State v. Bischoff, 1919-1920, 146 La. 748, 84 So. 41, 47, it was stated:
 

 “This leaves the only remaining question to be considered, and that is whether or not the state was required to make proof of the fact as alleged in the bill of information that the commission of the offense had not been brought to the attention of an officer authorized to prosecute
 
 within the time during which prescription woidd have othei~wise run.
 

 “ * * * The law does not say merely that the offense shall be prescribed, but that ‘no person shall be prosecuted, tried or punished, * * * ’ indicating that, if it be brought to the attention of the court at any time, from the initiation of the criminal proceedings to the end of the punishment,
 
 that the charge was not preferred within the period provided by the
 
 statute,
 
 the proceeding should be abated;
 
 * *
 

 
 *359
 
 In State v. Rhodes, 1920, 150 La. 1064, 91 So. 512, 514, the Court said:
 

 “ * * * It is not disputed that the accusation was made known to the officers authorized to direct a prosecution when the affidavit was filed in the First city criminal court. State v. Gonsoulin, 38 La.Ann. 459.
 
 Our conclusion is that their authority to prosecute was barred by prescription one year thereafter."
 

 In State v. Cooley et al., 1933, 176 La. 448, 146 So. 19, 22, it was stated:
 

 "The prescription, prescribed by article 8, Code Cr.Proc., begins to run from the date knowledge of the crime is made known to the judge, district attorney, or grand jwy having jurisdiction,
 
 and it is not affected by the nonaction of the official or official body authorized to prosecute, no matter what the official’s reason may be for his or their nonaction.”
 

 In State v. Wren et al., 1896, 48 La.Ann. 803, 19 So. 745, the Court said:
 

 “In the case of State v. Hanks, 38 La.Ann. [468] 469, the language employed in Sec. 986 Rev.St., was interpreted to mean that 'no person shall be prosecuted for an offence
 
 unless indicted within a year after it was denounced to the public officer.'"
 

 In State v. Hoffman, 1908, 120 La. 949, 45 So. 951, 952, it was stated:
 

 “Question having arisen as to the regularity of the impaneling of the grand jury, the district attorney nolle prosequied the indictment, and renewed the same charge in an information.
 

 “The information was filed more than one year after the bank had closed its doors; hence, in order to show that the defendant was liable to prosecution,
 
 it became necessary to allege that an indictment had been found and that it had not been set aside until within less than a year before the filing of the information;
 
 and an allegation to that effect was accordingly made in the information.” (All italics for emphasis.)
 

 See, also, State v. Cheatham et al., 1933, 178 La. 366, 151 So. 623.
 

 In the light of the foregoing undisputed jurisprudence, we return now to a consideration of the wording of the pertinent parts of Article 8 of the Code of Criminal Procedure, as amended, and Count 3 of the information, above quoted. The second part of the article leaves no doubt that where the crime is known by the proper officer, the only way the State can legally interrupt the running of the prescription of one year is to file an indictment or information against the accused
 
 "before the above prescription has accrued."
 
 The authorities which we have already cited show clearly that the prescription accrues when one year has elapsed and at that very moment the State’s authority to proceed against the accused is lost and barred, because it is expressly stated that “no person shall be prosecuted, tried or punished for any offense * * * unless the indictment, information, or affidavit for the
 
 *361
 
 same be found or filed
 
 within one year after the offense
 
 shall have been made known to the judge, district attorney or grand jury having jurisdiction [thereof].” (Emphasis ours.)
 

 In Webster’s New International Dictionary, Second Edition, the word “within” in relation to time, is defined to mean: “(b) not longer in time than; before the end or since the beginning of; as, within an hour.” “Before” is defined as meaning “Preceding in time; earlier than; previously to.”
 

 In Words and Phrases, vol. 45, Permanent Edition, at page 378, we find: “Word 'within,’ when used relative to time, has been defined variously as meaning any time before; at or before; at the end of; before the expiration of; not beyond; not exceeding; not later than.”
 

 The reason why the members of the Legislature were careful to use the words “within” and “before” in the Codal Article was because they realized that at the exact moment one year elapsed or expired, prescription tolled or accrued in favor of the accused protecting him against being prosecuted, tried or punished for the offense. They knew it was impossible for the State at that same moment to have the conflicting right to file a bill of information or indictment which would start the prosecution because at that very time the prescriptive period elapsed and became legally effective in favor of the accused. In fine, those two conflicting rights could not exist simultaneously or at the same time because each is completely destructive of the other. Therefore, the State has to file the bill of information or indictment against the accused “within one year” after the offense has been made known to the judge, district attorney or grand jury having jurisdiction or “before the above prescription has accrued” in order to interrupt prescription of one year.
 

 It is also significant that in both Act 147 of 1942 and Act 323 of 1942, amending Article 8 of the Code of Criminal Procedure, in granting repose to an accused against whom an information and indictment has been filed, but who has not been tried, the Legislature, in providing a prescriptive period, said:
 

 “ ‘In felony cases
 
 when tlvree years elapse from the date of finding an indictment, or filing an information,
 
 and in all other cases when two years elapse from the date of finding an indictment, or filing an information, or affidavit, it shall be the mandatory duty of the District Attorney to enter a nolle prosequi, if the accused has not been tried, and if the District Attorney fail or neglect to do so, the Court may on motion of the defendant or his attorney cause such nolle prosequi entered the same as if entered by the District Attorney,’ Provided that if at any time during said three or two year periods, respectively, the offender is a fugitive from justice, such prescriptive period shall be suspended and shall recommence to run only from the date said offender is captured or surrenders.” (Italics mine.)
 

 It will be noted that in the above-quoted part of the Article, the Legislature did not use the words “before” or “within” in providing the three-year prescriptive period but clearly stated that, the defendant was
 
 *363
 
 entitled to a nolle prosequi when three years had elapsed from the date of the finding of an indictment or the filing of a bill of information. Since the Legislature did use the words “before” and “within” with reference to the one-year prescriptive period also provided for in Article 8 of the Code of Criminal Procedure, as amended, and did not employ those words with reference to the three-year prescriptive period, it is obvious that the members of the Legislature deliberately used them because they recognized that a different meaning would thereby be conveyed.
 

 Did the State by alleging in Count 3 of the information
 
 “yet more than one year has not elapsed
 
 since the commission of the aforesaid offenses was made known to the Judge, District Attorney, or Grand Jury having jurisdiction thereof * * * ” negative, as it was required to do, that one-year prescription had tolled or accrued? The answer to this question depends on what is meant by the above phrase. Can it be said “yet more than one year has not elapsed” is synonymous with and equivalent to saying that the information was filed “within one year” after the offenses were made known to the district attorney, the judge or grand jury, or before the above prescription accrued? “More than one year” certainly means a period of time in excess of, greater or longer than exactly one year. It is a period of time of one year plus an additional amount of time. It is not alleged that one year has not elapsed but that “more than one year has not elapsed”. It has been demonstrated above that the offenses in question are prescribed by exactly one year. This cannot be construed to mean more than one year. Consequently, it cannot be said that the-State has negatived that one year has; elapsed since the offense was made known-, to the proper officers named in the Article.. For this court to hold that the allegation, “yet more than one year has not elapsed”' is proper and legal, would be for all practical purposes extending the prescriptive-period beyond the time of one year exactly. This would be legislating and also would be contrary to the holding of the numerous; authorities above cited that a liberal construction in favor of the accused and a. strict interpretation against the State must, be placed upon the statute.
 

 It is difficult to see how, even with abroad construction in favor of the State, one could arrive at the conclusion that “more than one year” is equivalent to one-year exactly, or “within” a year, or “before” a year. “Within” a year or “before”' a year means during a year, in the time of a year, throughout the continuance or course of a year and cannot by any possible stretch of the imagination be made tornean more than a year, longer than a year,, beyond a year, or without a year.
 

 “Within one year” means within the-limits of and during the year. What was-not alleged in the information is that one-year has not elapsed since the commission of the said offenses was made known to-the judge, district attorney or grand jury. The State elected to use the words more than one year has not elapsed instead of the words of the statute or their equivalent, and this choice is fatal and is a bar-
 
 *365
 
 to any further prosecution of the defendant in this case.
 

 The prescriptive period provided by the Legislature is an exact and definite period of time, one year, and not one moment more or longer or greater. The State had to act before or within a year in order to prevent prescription accruing in favor of the defendant. It failed to do so and this court is powerless to extend that period of time one moment beyond the expiration of one year.
 

 This court has recognized the limitation on its authority to extend the period of prescription fixed by the Legislature, even in a civil case. In State ex rel. Dunshie v. Fields et al., 164 La. 954, 115 So. 45, 47, the relator filed his notice of intention to become a candidate beyond the twenty-day period allowed him by Section 13 of Act 97 of 1922 but within the time granted him by the Executive Committee’s resolution. In affirming the district court’s judgment, this Court stated:
 

 “Since relator did not file his notification within the 20-day period provided by statute, the trial court correctly rejected his demand.”
 

 For these reasons, I respectfully dissent.